Berkovits v Berkovits (2018 NY Slip Op 01448)





Berkovits v Berkovits


2018 NY Slip Op 01448


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-06055
 (Index No. 14468/14)

[*1]Zvi Berkovits, appellant, 
v
Lila Berkovits, respondent.


David W. Teeter, Garden City, NY, for appellant.
Plaine & Katz, LLP, Kew Gardens, NY (Joshua R. Katz of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to set aside a separation agreement, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered April 1, 2016, as, upon renewal, granted the defendant's motion to dismiss the complaint as time-barred and denied his cross motion for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties married in 1978 and separated in 2000. They executed a separation agreement in 2005. In July 2014, the plaintiff commenced an action for a divorce. In October 2014, the plaintiff commenced this action to set aside the separation agreement and declare the agreement null and void. The defendant moved, inter alia, to dismiss the complaint as time-barred. The plaintiff cross-moved for summary judgment on the complaint, asserting that the separation agreement was invalid and unenforceable because the certificate of acknowledgment did not comply with the language prescribed in Real Property Law § 309-a in that it did not satisfy the requirement that the notary either knew or had satisfactory evidence that the plaintiff was the individual who signed the agreement. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion.
The plaintiff's contention that the statute of limitations does not apply to an action challenging the validity of a separation agreement as void ab initio is without merit. Since the Supreme Court directed the dismissal of the complaint as time-barred, his arguments as to the validity of the agreement are academic.
Accordingly, the order must be affirmed insofar as appealed from.
HALL, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court